■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSHAUN HOLMES, Also Known as HOLMES DUSHAUN, Appellant. [47 NYS3d 908]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Michael Sonberg, J.), rendered November 26, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY COLON, Appellant. [50 NYS3d 37]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered April 23, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

Although we do not find that defendant made a valid waiver of his right to appeal, we find that the court properly denied defendant's suppression motion. During a lawful traffic stop, the police had, at least, a founded suspicion of criminality warranting an inquiry into whether defendant had any weapons (*see generally People v Garcia*, 20 NY3d 317, 324 [2012]). The officer's suspicions were based on a combination of defendant's suspicious hand movements directed at his waistband, which is a place closely associated with weapons, and the fact that, when directed to get out of the car, he turned his back toward the officer, which could reasonably be interpreted as an effort to hide something. The possibility of innocent explanations for each of defendant's actions, viewed in isolation, does not undermine the finding of founded suspicion. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.